**Nicholas Marquez ESTABAN,
Petitioner—Appellant,**

v.

**Joe McGRATH, Warden, Respondent—
Appellee.**

No. 03–57179.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Jan. 14, 2005.*

Decided Feb. 1, 2005.

Marilee Marshall, Esq., Marilee Marshall & Associates, Inc., Los Angeles, CA, for Petitioner–Appellant.

Jennifer Peabody, Esq., Pasadena, CA, William M. Wood, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and WEINER, District Judge.**

## MEMORANDUM ***

None of the issues raised by habeas petitioner Nicholas Marquez Estaban establishes that defense counsel's representation in his state court trial violated the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, we find the district court did not err when it determined that Estaban failed to show counsel was constitutionally ineffective for failing to: (1) present evidence of the alleged gunshot wound; (2) present evidence of intoxication; (3) give hospital records to the defense psychiatric expert; (4) investigate other crimes of the Ramos brothers; (5) introduce evidence of the August 18th incident; (6) impeach David Ramos' trial testimony; and (7) request an instruction on antecedent threats. Even if certain aspects of counsel's performance did fall below *Strickland'* s objective standard of reasonableness, it is not reasonably probable that Estaban was prejudiced by any such deficiencies.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

